1  SILVANO B. MARCHESI (State Bar No. 42965)
   County Counsel
2  KELLY M. FLANAGAN (State Bar No. 145018)
   Deputy County Counsel
3  DANIELLE R. MERIDA (State Bar No. 217465)
   Deputy County Counsel
4  COUNTY OF CONTRA COSTA
   651 Pine Street, 9th Floor
5  Martinez, California 94553-1288
   Telephone:    (925) 335-1841
6  Facsimile:    (925) 646-1078

7  Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH CENTER CHURCH EVANGELISTIC MINISTRIES, a California nonprofit religious corporation, and HATTIE HOPKINS, an individual,<br><br>  Plaintiffs,<br><br>  v.<br><br>FEDERAL GLOVER, member and Chair of the Contra Costa County Board of Supervisors, MARK DE SAULNIER, member of the Contra Costa County Board of Supervisors, JOHN M. GIOIA, member of the Contra Costa County Board of Supervisors, MILLIE GREENBERG, member of the Contra Costa County Board of Supervisors, GAYLE B. UILKEMA, member of the Contra Costa County Board of Supervisors, JOHN SWEETEN, Contra Costa County Administrator, ANNE CAIN, Contra Costa County Librarian, and PATTY CHAN, Senior Branch Librarian for the Antioch branch of the Contra Costa County Public Library, LAURA O'DONAHUE, Administrative Deputy Director for the Antioch branch of the Contra Costa County Public Library, in their individual and official capacities,<br><br>  Defendants. | Civil Action No. C 04-3111 EDL<br><br>**ANSWER TO VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** |

Defendants Federal Glover, Mark De Saulnier, John M. Goia, Millie Greenberg, Gayle B. Uilkema, John Sweeten, Anne Cain, Patty Chan, and Laura O'Donoghue, erroneously sued and served herein as Laura O'Donahue, (hereafter, collectively, "Defendants") answer the Complaint of Faith Center Church Evangelistic Ministries and Hattie Hopkins (hereafter, collectively, "Plaintiffs") as follows:

1. In response to the allegations in paragraph 1, Defendants admit that Plaintiffs seek declaratory relief, injunctive relief, nominal damages, costs and attorneys' fees. Defendants deny each of the remaining allegations in this paragraph.

2. In response to the allegations in paragraph 2, Defendants admit that the Plaintiffs assert claims in this action pursuant to the First and Fourteenth Amendments of the United States Constitution, 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. §§ 1983 and 1988, without admitting the validity of those claims.

3. In response to the allegations in paragraph 3, Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Defendants deny that they seek to deprive Plaintiffs of their federal constitutional rights under color of state law, and thus deny that jurisdiction is proper under 28 U.S.C. § 1343.

4. In response to the allegations in paragraph 4, Defendants admit that this Court is authorized to issue declaratory judgments pursuant to 28 U.S.C. § 2201. Defendants deny that there is any basis for the issuance of the requested declaratory relief.

5. Defendants assert that the allegation in paragraph 5 is vague and indefinite, in that 28 U.S.C. § 1343(3) does not exist. If this allegation is meant to refer to 28 U.S.C. § 1343(a)(3), Defendants admit that this Court has authority to issue injunctive relief, but deny that Defendants have engaged in any conduct that would warrant the issuance of the requested injunctive relief. Except as so expressly admitted, Defendants deny the allegations in paragraph 5.

6. Defendants assert that the allegation in paragraph 6 is vague and indefinite, in that 28 U.S.C. § 1343(3) does not exist. If this allegation is meant to refer to 28 U.S.C. §

1343(a)(3), Defendants admit that this Court has authority to award damages, but deny that Defendants have engaged in any conduct that would warrant the award of the requested damages. Except as so expressly admitted, Defendants deny the allegations in paragraph 6.

7. In response to the allegation in paragraph 7, Defendants admit that this Court has authority to award attorneys' fees under 42 U.S.C. § 1988 for claims properly asserted under that statute, but deny that this case is properly filed under that statute, and further deny that Defendants have engaged in any conduct that would warrant an award of attorneys' fees in this case.

8. In response to the allegations in paragraph 8, Defendants admit that venue in the Northern District of California is proper under 28 U.S.C. § 1391.

9. In response to the allegations in paragraph 9, Defendants admit that this case is properly assigned to the San Francisco or Oakland Division, pursuant to Local Rules 3-2 and 3-5.

10. In response to the allegations in paragraph 10, Defendants admit that Plaintiff Faith Center Church Evangelistic Ministries is registered as a corporation with the California Secretary of State. Defendants lack sufficient knowledge or information to form a belief as to the truth of all other allegations in this paragraph and, on that basis, deny those allegations.

11. In response to the allegations in paragraph 11, Defendants admit that Hattie Hopkins is the registered agent for service of process of Faith Center Church Evangelistic Ministries. Defendants lack sufficient knowledge or information to form a belief as to the truth of all other allegations in this paragraph and, on that basis, deny those allegations.

12. In response to the allegations in paragraph 12, Defendants admit that Federal Glover is a member, and current chair, of the Contra Costa County Board of Supervisors, and that he has an office in Pittsburg, California. Defendants admit that the Contra Costa County Board of Supervisors has adopted policies for County libraries. Except as so expressly admitted, Defendants deny the allegations contained in paragraph 12.

13. In response to the allegations in paragraph 13, Defendants admit that Mark De Saulnier is a member of the Contra Costa County Board of Supervisors, and that he has an office in Concord, California. Defendants admit that the Contra Costa County Board of Supervisors has adopted policies for County libraries. Except as so expressly admitted, Defendants deny the allegations contained in paragraph 13.

14. In response to the allegations in paragraph 14, Defendants admit that John M. Gioia is a member of the Contra Costa County Board of Supervisors, and that he has an office in El Cerrito, California. Defendants admit that the Contra Costa County Board of Supervisors has adopted policies for County libraries. Except as so expressly admitted, Defendants deny the allegations contained in paragraph 14.

15. In response to the allegations in paragraph 15, Defendants admit that Millie Greenberg is a member of the Contra Costa County Board of Supervisors, and that she has an office in Danville, California. Defendants admit that the Contra Costa County Board of Supervisors has adopted policies for County libraries. Except as so expressly admitted, Defendants deny the allegations contained in paragraph 15.

16. In response to the allegations in paragraph 16, Defendants admit that Gayle B. Uilkema is a member of the Contra Costa County Board of Supervisors, and that she has an office in Lafayette, California. Defendants admit that the Contra Costa County Board of Supervisors has adopted policies for County libraries. Except as so expressly admitted, Defendants deny the allegations contained in paragraph 16.

17. In response to the allegations in paragraph 17, Defendants admit that John Sweeten is the Contra Costa County Administrator, and that the County Administrator's Office is located in Martinez, California. Except as so expressly admitted, Defendants deny the allegations contained in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

19. In response to the allegations in paragraph 19, Defendants admit that Patty Chan is the Senior Branch Librarian of the Antioch branch of the Contra Costa County

Library, in Antioch, California. Defendants further admit that Ms. Chan has responsibility for implementing library policies. Defendants assert that the phrase "responsible for overseeing the use of library facilities by outside groups and individuals" is so vague and indefinite that Defendants lack sufficient information and belief to respond and, on that basis, deny that allegation. Except as so expressly admitted, Defendants deny the allegations in paragraph 19.

20. In response to the allegations in paragraph 20, Defendants deny that Laura O'Donoghue is the Administrative Deputy Director of the Antioch branch of the Contra Costa County Library. Defendants admit that Ms. O'Donoghue has responsibility for implementing library policies. Defendants assert that the phrase "responsible for overseeing the use of library facilities by outside groups and individuals" is so vague and indefinite that Defendants lack sufficient information and belief to respond and, on that basis, deny that allegation. Except as so expressly admitted, Defendants deny the allegations in paragraph 20.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 and, on that basis, deny those allegations.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and, on that basis, deny those allegations.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, deny those allegations.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and, on that basis, deny those allegations.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and, on that basis, deny those allegations.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 with respect to Faith Center's "meetings" in general and, on that basis, deny those allegations. With respect to the purposes for which

Plaintiffs wanted to use the library's meeting room on May 29, 2004, and July 31, 2004, Defendants deny that Plaintiffs indicated any intention to "discuss educational, cultural, and community issues from a religious perspective," to share meals or "discuss[] social and political issues." To the extent that any further response is required, Defendants deny the allegations in paragraph 26.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and, on that basis, deny those allegations.

28. In response to the allegations in paragraph 28, Defendants admit those allegations.

29. In response to the allegations in paragraph 29, Defendants admit those allegations.

30. In response to the allegations in paragraph 30, Defendants admit that the meeting room in the Antioch library is available on a first-come, first-served basis, for use consistent with library policies. To the extent that the allegations in paragraph 30 require any further response, Defendants deny those allegations.

31. In response to the allegations in paragraph 31, Defendants admit those allegations.

32. In response to the allegations in paragraph 32, Defendants admit those allegations.

33. In response to the allegations in paragraph 33, Defendants admit those allegations.

34. In response to the allegations in paragraph 34, Defendants assert that the phrase "need only submit" is vague, indefinite and argumentative. Defendants admit that individuals or organizations seeking to use the meeting room at the library in Antioch must submit an application, which includes the following: Name of Library, Date of Meeting, Time of Meeting, Name of Applicant, Name of Organization, Purpose of Organization, Purpose of Meeting, Agreement to Abide By and Uphold All Rules and Policies of the

Contra Costa County Library and to Defend, Indemnify, and Hold Harmless Contra Costa County, Signature of the Applicant, Position in the Organization, Home Address and Phone, Business Address and Phone. To the extent that the allegations in paragraph 34 require any further response, Defendants deny those allegations.

35. In response to the allegations in paragraph 35, Defendants deny those allegations.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and, on that basis, deny those allegations.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 and, on that basis, deny those allegations.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, deny those allegations.

39. Defendants assert that the allegations in paragraph 39 are vague and indefinite as to time, such that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations as phrased. On that basis, Defendants deny the allegations.

40. In response to the allegations in paragraph 40, Defendants admit that Ms. Hopkins was advised that she needed to fill out an application to use the library meeting room. Except as so expressly admitted, Defendants deny the allegations in paragraph 40.

41. In response to the allegations in paragraph 41, Defendants deny that the fax transmissions attached as Exhibits A and B were faxed to the library in May 2004. As to all other allegations in paragraph 41, if any, Defendants deny those allegations.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 and, on that basis, deny those allegations.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 and, on that basis, deny those allegations.

44. Defendants lack sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 44 and, on that basis, deny those allegations.

45. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 and, on that basis, deny those allegations.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, deny those allegations.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 and, on that basis, deny those allegations.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 and, on that basis, deny those allegations.

49. Defendants lack sufficient information and belief to respond to the allegations in paragraph 49 and, on that basis, deny those allegations.

50. Defendants lack sufficient information and belief to respond to the allegations in paragraph 50 and, on that basis, deny those allegations.

51. In response to the allegations in paragraph 51, Defendants lack sufficient information and belief to respond to the allegations regarding use of musical instruments or amplified sound and, on that basis, deny those allegations. To the extent that Plaintiffs allege that their "consideration for the library's patrons" means that their activities were low in volume, Defendants deny those allegations.

52. In response to the allegations in paragraph 52, Defendants admit that library employees advised Ms. Hopkins and Ms. Ward that the library's meeting room could not be used for religious services. Except as so expressly admitted, Defendants deny the allegations in paragraph 52.

53. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and, on that basis, deny those allegations.

54. In response to the allegations in paragraph 54, Defendants deny that library employees advised Ms. Hopkins that there was no noise problem with Faith Center; Defendants admit that library employees advised Ms. Hopkins that the library meeting

room use policy prohibited use of the meeting room for religious services. As to all other allegations in paragraph 54, if any, Defendants deny those allegations.

55. In response to the allegations in paragraph 55, Defendants admit that library employees showed Ms. Hopkins Resolution No. 92/793. Defendants deny that Resolution No. 92/793 "forbade religious groups to use Library facilities." Defendants further deny that Resolution No. 92/793 is the library's current policy.

56. In response to the allegations in paragraph 56, Defendants admit that Resolution No. 92/793 included the statement "[l]ibrary meeting rooms shall not be used for religious purposes."

57. In response to the allegations in paragraph 57, Defendants admit those allegations.

58. Defendants deny the allegations in paragraph 58.

59. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 and, on that basis, deny those allegations.

60. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 and, on that basis, deny those allegations.

61. In response to the allegations in paragraph 61, Defendants admit that Ms. Hopkins expressed concerns about the library's meeting room use policy. Except as so expressly admitted, defendants deny the allegations in paragraph 61.

62. Defendants admit the allegations in paragraph 62.

63. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 and, on that basis, deny those allegations.

64. In response to the allegations in paragraph 64, Defendants admit those allegations.

65. In response to the allegations in paragraph 65, Defendants admit that Ms. O'Donoghue called Ms. Hopkins in June 2004, but deny Plaintiffs' characterization of that call as having occurred in "early June." To the extent that the allegations in paragraph 65

require any further response, Defendants deny those allegations.

66. In response to the allegations in paragraph 66, Defendants admit those allegations.

67. In response to the allegations in paragraph 67, Defendants admit those allegations, referring to Resolution No. 93/525. To the extent that the allegations in paragraph 67 require any further response, Defendants deny those allegations.

68. In response to the allegations in paragraph 68, Defendants admit those allegations.

69. In response to the allegations in paragraph 69, Defendants admit that Ms. O'Donoghue so advised Ms. Hopkins with respect to the July 31, 2004 "prayer, praise and worship" meeting, as described in Faith Center's application.

70. Defendants lack sufficient information and belief to respond to the allegations in paragraph 70 and, on that basis, deny those allegations.

71. In response to the allegations in paragraph 71, Defendants admit that Ms. Hopkins forwarded correspondence via facsimile to Ms. O'Donoghue on July 7, 2004; Defendants deny that correspondence was forwarded on July 5, 2004. To the extent that the allegations in paragraph 71 require any further response, Defendants deny those allegations.

72. Defendants deny the allegations in paragraph 72.

73. With the exception of the date, about which Defendants do not have sufficient knowledge or information to form a belief, Defendants admit the allegations in paragraph 73.

74. Defendants admit the allegations in paragraph 74.

75. Defendants admit the allegations in paragraph 75, as to the "prayer, praise and worship" for which Faith Center had applied to use the library's meeting room.

76. In response to the allegations in paragraph 76, Defendants admit that Ms. Hopkins asked to speak to County Counsel and to Ms. O'Donoghue's supervisor. Except as so expressly admitted, Defendants deny the allegations in paragraph 76.

77. In response to the allegations in paragraph 77, Defendants admit that Ms. Caldwell telephoned Ms. Hopkins. In all other respects, Defendants deny the allegations in paragraph 77.

78. Defendants admit the allegations in paragraph 78, as to the "prayer, praise and worship" for which Faith Center had applied to use the library's meeting room. To the extent that the allegations in paragraph 78 require any further response, Defendants deny those allegations.

79. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79 and, on that basis, deny those allegations.

80. In response to the allegations in paragraph 80, Defendants assert that the phrase "those meetings" is vague and indefinite. To the extent that any further response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny those allegations.

81. In response to the allegations in paragraph 81, Defendants assert that the phrase "those meetings" is vague and indefinite. Defendants admit that their library policy precludes Plaintiffs from using the library's meeting room for worship services. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations as to the future uses for which Plaintiffs desire to use the library's meeting room and, on that basis, deny those allegations.

82. The allegations in paragraph 82 purport to state a conclusion of law and therefore require no response. To the extent that they purport to allege any wrongful conduct by Defendants, or otherwise require any response, Defendants deny the allegations in paragraph 82.

83. The allegations in paragraph 83 purport to state a conclusion of law and therefore require no response. To the extent that they purport to allege any violation by Defendants of Plaintiffs' First Amendment rights, or otherwise require any response, Defendants deny the allegations in paragraph 83.

84. The allegations in paragraph 84 purport to state a conclusion of law and therefore require no response. To the extent that they purport to allege violation by Defendants of the Establishment Clause, or otherwise require any response, Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

## FIRST CAUSE OF ACTION - VIOLATION OF THE RIGHT TO FREEDOM OF SPEECH UNDER THE UNITED STATES CONSTITUTION

86. In response to the allegations in paragraph 86, Defendants refer to and reassert all responses set forth in paragraphs 1 to 85 of this Answer and incorporate them herein by this reference.

87. The allegations in paragraph 87 purport to state a conclusion of law and therefore require no response. To the extent that they purport to allege any violation by Defendants of Plaintiffs' First or Fourteenth Amendment rights, or otherwise require any response, Defendants deny the allegations in paragraph 87.

88. The allegations in paragraph 88 purport to state a conclusion of law and therefore require no response. To the extent that they purport to allege any violation by Defendants of Plaintiffs' rights, or otherwise require any response, Defendants deny the allegations in paragraph 88.

89. The allegations in paragraph 89 purport to state a conclusion of law and therefore require no response. To the extent that they purport to allege any discrimination by Defendants, or otherwise require any response, Defendants deny the allegations in paragraph 89.

90. The allegations in paragraph 90 purport to state a conclusion of law and therefore require no response. To the extent that they purport to allege any discrimination by Defendants, or otherwise require any response, Defendants deny the allegations in paragraph 90.

91. The allegations in paragraph 91 purport to state a conclusion of law and

therefore require no response. To the extent that they purport to allege any discrimination by Defendants, or otherwise require any response, Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

**SECOND CAUSE OF ACTION - VIOLATION OF THE RIGHT TO FREE EXERCISE OF RELIGION UNDER THE UNITED STATES CONSTITUTION**

95. In response to the allegations in paragraph 95, Defendants refer to and reassert all responses set forth in paragraphs 1 to 94 of this Answer and incorporate them herein by this reference.

96. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 96 and, on that basis, deny those allegations.

97. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97 with respect to what Plaintiffs seek to do in the future and, on that basis, deny those allegations. Defendants further deny that the applications Plaintiffs previously submitted to the library indicated that it was Plaintiffs intent to discuss educational, cultural, and community issues from a religious perspective.

98. Defendants deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

101. Defendants deny the allegations in paragraph 101.

102. Defendants deny the allegations in paragraph 102.

**THIRD CAUSE OF ACTION - VIOLATION OF THE ESTABLISHMENT CLAUSE UNDER THE UNITED STATES CONSTITUTION**

103. In response to the allegations in paragraph 103, Defendants refer to and reassert all responses set forth in paragraphs 1 to 102 of this Answer and incorporate them

herein by this reference.

104. Defendants deny the allegations in paragraph 104 as they pertain to Defendants' current policy.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

## FOURTH CAUSE OF ACTION - VIOLATION OF THE EQUAL PROTECTION CLAUSE UNDER THE UNITED STATES CONSTITUTION

109. In response to the allegations in paragraph 109, Defendants refer to and reassert all responses set forth in paragraphs 1 to 108 of this Answer and incorporate them herein by this reference.

110. The allegations in paragraph 110 purport to state a conclusion of law and therefore require no response. To the extent that they purport to allege any discrimination by Defendants, or otherwise require any response, Defendants deny the allegations in paragraph 110.

111. In response to the allegations in paragraph 111, Defendants assert that the allegations are so vague, indefinite and incomplete that Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations and, on that basis, deny those allegations.

112. Defendants deny the allegations in paragraph 112.

113. Defendants deny the allegations in paragraph 113.

114. Defendants deny the allegations in paragraph 114.

115. To the extent that any allegation made anywhere in the Complaint has not been expressly admitted or affirmatively averred, it is hereby denied.

///

///

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint and each purported cause of action therein fail to state a cause of action.

### Second Affirmative Defense

Defendants claim immunity from liability as they were performing discretionary functions and acting in good faith, and their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, such that they are entitled to qualified good faith immunity.

### Third Affirmative Defense

This matter is not yet ripe for determination by this Court.

### Fourth Affirmative Defense

Defendants allege that at all times and places mentioned in the Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiffs.

### Fifth Affirmative Defense

Defendants allege that at all times and places mentioned in the Complaint, Defendants acted without malice and with a good faith belief in the propriety of their conduct.

### Sixth Affirmative Defense

Defendants allege that Plaintiffs have failed to exhaust administrative and/or contractual remedies.

### Seventh Affirmative Defense

Defendants allege that their conduct at all times material herein was privileged and/or justified under applicable law.

### Eighth Affirmative Defense

Defendants assert the various immunities conferred upon Defendants pursuant to

the California Government Code and other applicable provisions of law.

### Ninth Affirmative Defense

Plaintiffs are estopped by their conduct from asserting any cause of action against Defendants.

### Tenth Affirmative Defense

Plaintiffs have failed to use due diligence to mitigate damages, if any.

### Eleventh Affirmative Defense

Any relief sought by the Plaintiffs is barred by the doctrine of unclean hands.

### Twelfth Affirmative Defense

Plaintiffs are not entitled to injunctive relief because adequate remedies at law are available.

### Thirteenth Affirmative Defense

Plaintiffs cannot seek to enjoin acts of non-parties.

### Fourteenth Affirmative Defense

The Court should not enjoin acts mandated by the laws of the State of California.

### Fifteenth Affirmative Defense

Any right Plaintiffs have to injunctive relief is outweighed by the public interest.

### Sixteenth Affirmative Defense

Defendants are entitled to legislative immunity for any actions alleged in the Complaint.

### Seventeenth Affirmative Defense

Plaintiffs are not entitled to any relief from Defendants due to their failure to comply with the claims filing requirements of the California Government Code.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1. Judgment be entered in Defendants' favor and that Plaintiffs take nothing by their Complaint;

ANSWER TO VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES
C04-3111 EDL – PAGE 16

2. Defendants be awarded their costs of suit and reasonable attorneys' fees; and

3. Defendants have such other and further relief as the Court may deem just and proper.

Dated: August 18, 2004

          SILVANO B. MARCHESI
          County Counsel


          /s/ Kelly M. Flanagan
          By: KELLY M. FLANAGAN
          Deputy County Counsel
          Attorneys for Defendants