IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FAITH CENTER CHURCH EVANGELISTIC MINISTRIES, et al., <br><br>　　　Plaintiffs, <br><br>v. <br><br>FEDERAL D. GLOVER, et al., <br><br>　　　Defendants. | CASE NO. C-04-3111 JSW <br><br>**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br>**Hearing Date: January 28, 2005** <br><br>**Hearing Time: 9:00 a.m.** |

CAME ON this day for consideration Plaintiffs' Motion for Preliminary Injunction; and, after considering the Motion, the brief in support of the Motion, the Amended Verified Complaint, and the rest of the record before the Court. For the following reasons, it is accordingly ORDERED that Plaintiffs' Motion for Preliminary Injunction is GRANTED.

### I.　Preliminary Injunction Standard

The standard for a preliminary injunction is satisfied when the movant shows either: (I) a likelihood of success on the merits and the possibility of irreparable harm; or (II) the existence of serious questions going to the merits and the balance tips in the movant's favor. *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 516 (9th Cir. 1993).

### II.　Plaintiffs' Free Speech Claims

Plaintiffs seek to engage in religious expression in Defendants' library facilities. Defendants "encourage the use of library meeting rooms for educational, cultural and community related meetings, programs, and activities," yet they exclude uses for "religious services or activities." In *Good News Club v. Milford Central Schools*, the Supreme Court held that "speech discussing otherwise permissible subjects cannot be excluded . . . on the ground that the subject

is discussed from a religious viewpoint." 533 U.S. 108, 111-112 (2001). By eliminating uses for "religious services or activities," Defendants have unconstitutionally discriminated on the basis of Plaintiffs' viewpoint – impermissible activity regardless of the nature of the forum. *Lamb's Chapel v. Center Moriches Union Free Sch. Dist.,* 508 U.S. 384, 394 (1993).

Defendants have also discriminated on the basis of the content of Plaintiffs' speech. Defendants have unquestionably opened their facilities to a wide variety of community groups, thus creating a designated public forum. *See Concerned Women for America v. Lafayette County*, 883 F.2d 32, 34-35 (5th Cir. 1989) (allowing diverse groups to use facilities created designated public forum). Defendants' exclusion of "religious services or activities" is thus a content-based restriction of speech in a designated public forum and subject to strict scrutiny. *Cornelius v. NAACP Legal Defense & Educ. Fund*, 473 U.S. 788, 800 (1985). The Establishment Clause does not provide Defendants with the "compelling state interest" necessary to justify this restriction. "Equal access" is not only permissible for religious groups under the Establishment Clause, it is mandated by Supreme Court interpretation of the First Amendment. *See, e.g., Widmar v. Vincent,* 454 U.S. 263, 274 (1981). Defendants have failed to provide this equal access and have thus violated Plaintiffs' free speech rights.

### III. Plaintiffs' Establishment Clause Claims

There is no Establishment Clause violation where the government conduct at issue (1) has a secular purpose, (2) does not have as its principal or primary effect advancing or inhibiting religion, and (3) does not foster an excessive government entanglement with religion. *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971). Here, the policy has a facially secular purpose: to "encourage the use of library meeting rooms for educational, cultural and community related meetings, programs, and activities." However, the policy excludes "religious services or

activities." This expresses impermissible hostility to religion in violation of the second prong of *Lemon*, and requires the government to scrutinize <u>every</u> group's speech to ascertain religious content in violation of *Lemon's* third prong. *Kreisner v. City of San Diego*, 1 F.3d 775, 785 (9th Cir. 1993); *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 844-45 (1995). Defendants have thus violated Plaintiffs' rights under the Establishment Clause.

### III.     Plaintiffs' Equal Protection Claims

The Fourteenth Amendment requires the government to treat equally similarly-situated individuals and organizations. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). When the unequal treatment impinges on a fundamental right, the restriction triggers strict scrutiny. *Tsosie v. Califano*, 630 F.2d 1328, 1337 (9th Cir. 1980). Plaintiffs are similarly situated to the other individuals and community groups seeking access to library facilities. However, the Defendants' policy treats Plaintiffs differently solely on the basis of the viewpoint and content of Plaintiffs' protected expression. This burden on Plaintiffs' fundamental rights triggers strict scrutiny, which Defendants' policy cannot possibly withstand. The Establishment Clause provides no compelling interest, and Defendants can point to nothing else remotely compelling. Defendants' policy thus violates Plaintiffs' rights under the Equal Protection Clause.

Accordingly, it is ordered that Defendants, their agents, employees, and assigns, are hereby preliminarily enjoined from enforcing their policy restricting access to library facilities for "religious services or activities."

SIGNED this ___day of_____, 2004.

_____
U.S. District Court Judge Jeffery S. White