IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH CENTER CHURCH EVANGELISTIC MINISTRIES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL D. GLOVER, et al., <br><br> Defendants. | No. C-04-3111 JSW <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. **A brief description of the basis for this Court's subject-matter jurisdiction, whether any issue exists regarding personal jurisdiction or venue, and whether any parties remain to be served:**

This Court has subject-matter jurisdiction over this case because the case presents a federal question (28 U.S.C. § 1331), and is brought pursuant to the congressional authorizing statute for constitutional claims (42 U.S.C. § 1983). There are no issues regarding personal jurisdiction or venue, and all parties have been served.

2. **A brief description of the case and defenses, the several key factual events underlying the action, and a brief description of any related proceeding, including any administrative proceedings.**

Plaintiffs, a nonprofit religious organization and its leader, sought to use a meeting room for two gatherings in a library facility under the Defendant officials' control. The Contra Costa County policy on the use of library facilities generally allows nonprofit organizations to use library facilities to "encourage the use of library meeting rooms for educational, cultural and

community related meetings, programs, and activities." However, after Plaintiffs' first gathering, library officials informed Plaintiffs that they were no longer able to use the library facilities because of the policy's section forbidding use of library meeting rooms for "religious services or activities." Contra Costa County recently clarified and amended its library meeting room use policy to permit religious "activities" while maintaining its prohibition on religious "services" in library meeting rooms. There are no related proceedings.

**3. A brief description of the legal issues genuinely in dispute, including whether there are any dispositive or partially dispositive issues appropriate for resolution by motion or by agreement.**

The chief legal issue is: does the First Amendment require government facilities to be open to "religious services" and "praise, prayer, and worship" where the government has opened the facilities for "educational, cultural and community related meetings, programs, and activities"; or does the Establishment Clause require those government facilities to be closed to "religious services" and "praise, prayer, and worship"?

The parties anticipate that the case will be decided fully on dispositive motions, unless unusual factual disputes surface during the discovery period that require a trial on the merits.

**4. A brief description of the procedural history of the matter, including a list of all pending motions and their current status:**

Plaintiffs filed their Verified Complaint on July 30, 2004. Defendants answered on August 18, 2004. By joint stipulation and with this Court's approval, Plaintiffs filed an Amended Verified Complaint on October 6, 2004, with the stipulation that Defendants' original Answer would serve as the answer to the new complaint as well. Plaintiffs filed a Motion for Preliminary Injunction on October 26, 2004, which is noticed for January 28, 2005. There are no other pending motions.

5. **A brief description of the scope of discovery to date, including whether there has been a full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26:**

The parties have exchanged initial disclosures. No discovery requests have yet been made. The parties expect minimal discovery at this time, but will have a better understanding of what discovery is needed after the Court rules on Plaintiffs' motion for preliminary injunction.

6. **A formal, agreed-upon plan of the discovery each party intends to pursue, including but not limited to, based upon the nature of the case, the scope and the duration of the discovery and whether the parties can limit discovery in any manner, such as using phased discovery to or limiting the scope of initial discovery matters, as well as a list of key witnesses who the parties deem essential to prove their claims or defenses, and the information each party deems essential to prove their claims or defenses:**

The parties respectfully request that the Court consider setting a subsequent case management conference after ruling on the Plaintiffs' motion for preliminary injunction, as the parties do not presently believe that discovery will be necessary in advance of a ruling on that motion.

At this time the parties anticipate needing between zero and two depositions per party. The parties propose ending discovery sixty to ninety days following the Court's ruling on Plaintiffs' motion for preliminary injunction. In the event that expert testimony becomes necessary, the parties have agreed to perform expert disclosures thirty days following the end of regular discovery, with expert discovery ending thirty days following expert disclosures.

As the parties do not anticipate a trial on the merits or the use of testimony, no list of witnesses (other than the parties) and evidence has yet been decided. If the Court sets a subsequent case management conference after ruling on the Plaintiffs' motion for preliminary injunction, the parties will likely have conducted their ENE and some discovery, and will be better able provide a list of key witnesses and evidence to the Court.

7. **A brief description of the motions each party intends to pursue before trial, the extent to which new parties will be added or existing parties deleted, and the extent to which evidentiary, claim-construction or class certification hearings are anticipated:**

The plaintiffs are pursuing their motion for preliminary injunction, and will likely file for summary judgment before trial. The defendants opposed the motion for preliminary injunction and anticipate filing a cross motion for summary judgment.

No party additions or deletions are expected at this time. No evidentiary, claim-construction or class certification hearings are anticipated at this time.

8. **A brief description of the relief sought, including the method by which damages are computed:**

Plaintiffs seek only nominal damages as a vindication of their constitutional rights. Plaintiffs also seek injunctive and declaratory relief as well as attorneys' fees and costs.

9. **ADR efforts to date and a specific ADR plan for the case, whether the parties have complied with Civil L.R. 16-8(b) regarding ADR certification, and the prospects for settlement including whether either party wishes to have a settlement conference with another judge or magistrate:**

Parties have complied with Civil L.R. 16-8(b) and have stipulated to ENE as their ADR method because the primary issues are legal rather than monetary or factual. The parties have scheduled an Early Neutral Evaluation with Harold McElhinny of Morrison & Foerster on March 10, 2005. Neither party wishes to have a settlement conference with another judge or magistrate.

10. **Whether all parties will consent to assignment of the case to a magistrate judge to conduct all further proceedings including trial:**

All parties do not consent to the assignment of the case to a magistrate judge.

**11. Proposed deadlines and court dates, including a discovery cut-off, hearing dispositive motions, pretrial conference and trial date, the anticipated length of trial, the approximate number of witnesses, experts and exhibits, whether the case will be tried by jury or to the Court, whether it is feasible to bifurcate issues for trial or reduce the length of the trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence:**

The parties have agreed to end regular discovery sixty to ninety days after the Court's ruling on Plaintiffs' motion for preliminary injunction. In the event that expert testimony becomes necessary, the parties have agreed to perform expert disclosures thirty days following the end of regular discovery, with expert discovery ending thirty days following expert disclosures. The parties respectfully request that they be permitted to set dates for filing dispositive motions, responses, replies and any necessary hearing dates at a subsequent case management conference following the Court's ruling on Plaintiffs' motion for preliminary injunction.

The Court's ruling on the dispositive motions will likely resolve all issues and allow for entry of judgment. In the event that disposition of all issues has not occurred on the motions the parties will agree on a date to hold a pretrial conference by which date all other matters required by Civil L. R. 16-10 and not specifically addressed herein shall be addressed.

The parties have agreed that a trial will likely last between two and five days, beginning in late 2005. The parties will request a specific trial date in advance of a subsequent case management conference. No bifurcation is needed. The case will be tried to the Court. The total number of witnesses will be approximately 6, including any experts. The parties anticipate the use of stipulated facts to a large, if not total, degree.

**12. A current service list for all counsel, including telephone and facsimile numbers:**

**Plaintiffs**

| | |
|---|---|
| Benjamin W. Bull | Robert H. Tyler |
| Joshua W. Carden (PHV) | Alliance Defense Fund |
| Elizabeth A. Murray (PHV) | California State Bar No. 179572 |
| Alliance Defense Fund | 38760 Sky Canyon Drive, Suite B |

| | |
|---|---|
| 15333 N. Pima Rd., Suite 165 | Murietta, CA 92563 |
| Scottsdale, AZ 85260 | Phone: (951) 461-7860 |
| Phone: (480) 444-0020 | Fax: (951) 461-9056 |
| Fax: (480) 444-0028 | |

Terry L. Thompson (local counsel)
Law offices of Terry L. Thompson
P.O. Box 1346
Alamo, CA 94507
Phone (925) 855-1507
Fax: (925) 820-6034
(designated local counsel)

**Defendants**

Silvano B. Marchesi, State Bar No. 42965
County Counsel
Kelly M. Flanagan, State Bar No. 145018
Deputy County Counsel
Danielle R. Merida, State Bar No. 2174654
Deputy County Counsel
Contra Costa County Counsel's Office
651 Pine Street, 9th Floor
Martinez, CA 34553
Phone (925) 335-1800
Fax (925) 646-1078

**13. To the extent not specifically addressed above, all other items set forth in Civil L. R. 16-10:**

The parties have nothing to add.

**14. In order to assist the Court in evaluating any need for disqualification or recusal, the parties shall disclose to the Court the identities of any person, associations, firms, partnerships, corporations or other entities known by the parties to have either (1) financial interest in the subject matter at issue or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding. If disclosure of the non-party interested entities or**

| | |
|---|---|
| 1 | **persons has already been made as required by Civil L. R. 3-16, the parties may** |
| 2 | **simply reference the pleading or document in which the disclosure was made. In** |
| 3 | **this regard, counsel are referred to the Court's Recusal Order posted on the Court** |
| 4 | **website at the Judges Information link at www.cand.uscourts.gov.** |
| 5 | **Plaintiffs:** The Plaintiffs have included the required disclosure in the Amended Verified |
| 6 | Complaint. |
| 7 | **Defendants:** Civil L.R. 3-16 does not apply to government entities. |
| 8 | |
| 9 | Dated: 1/20/05            /s/ Elizabeth A. Murray, Attorney for Plaintiffs |
| 10 | |
| 11 | Dated: 1/20/05            /s/ Kelly Flanagan, Attorney for Defendants |
| 12 | |
| 13 | **Attestation** |
| 14 | I, Elizabeth A. Murray, hereby attest that concurrence in the filing of this document was |
| 15 | obtained from Kelly Flanagan. |
| 16 | Dated: 1/20/05            /s/ Elizabeth A. Murray, Attorney for Plaintiffs |

**CASE MANAGEMENT ORDER**

The foregoing Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____  _____
UNITED STATES DISTRICT JUDGE JEFFERY S. WHITE