ALLIANCE DEFENSE FUND
BENJAMIN W. BULL
Arizona State Bar No. 009940
GARY S. McCALEB (admitted *pro hac vice*)
Arizona Bar No. 018848
15100 North 90th Street
Scottsdale, AZ 85260
Phone: (480) 444-0020; Fax: (480) 444-0028

ALLIANCE DEFENSE FUND
TIMOTHY D. CHANDLER
California Bar No. 234325
101 Parkshore Dr., Suite 100
Folsom, CA 95630
Phone: (916) 932-2850; Fax: (916) 932-2851

LAW OFFICES OF TERRY L. THOMPSON
TERRY L. THOMPSON
California State Bar No. 199870
P.O. Box 1346
Alamo, CA 94507
Phone: (925) 855-1507; Fax: (925) 820-6034
(designated local counsel)

Attorneys for Plaintiffs

COUNTY OF CONTRA COSTA
THOMAS L. GEIGER
California State Bar No. 199729
CYNTHIA A. SCHWERIN
California State Bar No. 204198
651 Pine Street, 9th Floor
Martinez, CA 94553-1228
Phone: (925) 335-1800; Fax: (925) 646-1078

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH CENTER CHURCH EVANGELISTIC MINISTRIES, et al., <br><br> Plaintiffs, <br> v. <br><br> FEDERAL D. GLOVER, et al., <br><br> Defendants. | CASE NO. C-04-3111 JSW <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1. Jurisdiction and Service:**

This Court has subject-matter jurisdiction over this case because the case presents a federal question (28 U.S.C. § 1331), and is brought pursuant to the congressional authorizing statute for constitutional claims (42 U.S.C. § 1983). There are no issues regarding personal jurisdiction or venue, and all parties have been served.

**2. Facts:**

Plaintiffs, a nonprofit religious organization and its leader, sought to rent a meeting room for two meetings in a library under the Defendant officials' control. The Contra Costa County policy on the use of library facilities generally allows nonprofit organizations to rent library facilities to "encourage the use of library meeting rooms for educational, cultural and community related meetings, programs, and activities." However, after Plaintiffs' first meeting, library officials informed Plaintiffs that they were no longer able to use the meeting room because of the library's religious use policy, which at the time prohibited the use of library meeting rooms for "religious purposes" and which now provides that library meeting rooms shall not be used for "religious services."

**3. Legal Issues:**

Defendants believe that the chief legal issue is: does the First Amendment require rented government facilities to be open to "religious services or activities" to the same extent they are open to other nonprofit activities; or does the Establishment Clause require those government facilities to be closed to "religious services or activities"? Defendants further believe the Ninth Circuit resolved this issue in its opinion reversing in part, vacating in part, and remanding this Court's order granting plaintiff's motion for a preliminary injunction. The Ninth Circuit held that prohibiting Plaintiffs' religious worship services from the Antioch library meeting room is a permissible exclusion of a category of speech that is meant to preserve the purpose behind the limited public forum.

Plaintiffs agree that the chief legal issue is whether the library facilities must be open to "religious services or activities" to the same extent they are open to other nonprofit activities, and

add that this issue implicates not only the First Amendment's Free Speech Clause, but also the Free Exercise Clause, the Establishment Clause, and the Fourteenth Amendment's Equal Protection Clause. The Ninth Circuit only preliminarily addressed the Plaintiffs' claim under the Free Speech Clause, and did not address the Plaintiffs' additional claims, *see Faith Center Church Evangelistic Ministries v. Glover*, 480 F.3d 891, 906 n.7 (9th Cir. 2007). Therefore, Plaintiffs believe that the Ninth Circuit's opinion does not fully resolve the legal issues in this case.

**4. Motions:**

On June 7, 2007, Plaintiffs filed a petition for a writ of certiorari with the U.S. Supreme Court in response to the U.S. Court of Appeals for the Ninth Circuit's opinion reversing in part, vacating in part, and remanding this Court's order granting plaintiff's motion for a preliminary injunction.

Defendants filed their brief in opposition with the U.S. Supreme Court on August 7, and Plaintiffs filed their reply brief on August 17. The Supreme Court denied Plaintiffs' petition, which fully disposed of all matters on appeal in this case.

Defendants' current counsel substituted in on October 30, 2007. The attorneys for Defendants who were involved in prior proceedings before this Court and at the Ninth Circuit are no longer employed with the Office of County Counsel.

No motions are pending.

**5. Amendment of Pleadings:**

No parties, claims, or defenses are expected to be added or dismissed.

**6. Evidence Preservation:**

In Defendants' view, all evidence necessary to the final resolution of this case is in the record. Fed. R. Civ. P. 65(a)(2). Plaintiffs' counsel has advised their clients to preserve all evidence relevant to the issues reasonably evident in this action.

**7. Disclosures:**

The parties exchanged initial disclosures in compliance with Fed. R. Civ. P. 26.

**8. Discovery:**

No discovery has been taken to date.

In light of the Ninth Circuit's ruling, and considering that Plaintiffs seek only nominal damages, Defendants believe no discovery is necessary.

Plaintiffs believe some discovery is necessary. Plaintiffs expect to conduct written discovery and notice depositions related to the use of the Library meeting room and Defendants' interpretation and enforcement of the meeting room policy.

Plaintiffs do not propose any limitations or modifications of discovery imposed under the discovery rules.

**9. Class Actions:**

This is not a class action.

**10. Related Cases:**

No related cases or proceedings are pending.

**11. Relief:**

Plaintiffs seek injunctive relief, declaratory relief, and nominal damages as a vindication of their constitutional rights. Plaintiffs also seek attorneys' fees and costs.

**12. Settlement and ADR:**

The parties previously stipulated to ENE as their ADR method because the primary issues are legal rather than monetary or factual.

The parties have briefly discussed settling this case. In light of the Ninth Circuit's ruling, and considering that Plaintiffs seek only nominal damages, Defendants believe a stipulated permanent injunction and judgment would be appropriate following the entry of a preliminary injunction. Any proposed settlement would have to be approved by the Contra Costa County Board of Supervisors.

Plaintiffs believe a stipulated injunction would be premature in part because of Plaintiffs' remaining constitutional claims that have yet to be addressed by the Court.

If the parties are unable to settle this case, both parties anticipate filing for summary judgment.

**13. Consent to Magistrate Judge for All Purposes:**

The parties do not consent to the assignment of the case to a magistrate judge.

**14. Other References:**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

Defendants believe the primary legal issue in this case has been resolved by the Ninth Circuit and no material issues of fact remain.

Plaintiffs believe that there are still issues of fact that need to be resolved before this Court can make a final determination on each of their claims, and note that the Ninth Circuit's opinion did not address several of Plaintiffs' constitutional claims. As such, Plaintiffs do not believe that any issues can be narrowed prior to conducting any discovery. However, if the case proceeds to trial, the parties anticipate the use of stipulated facts to a large, if not total, degree.

Neither party requests that any issues, claims, or defenses be bifurcated at this time.

**16. Expedited Schedule:**

The parties agree that this case is not appropriate for an expedited schedule.

**17. Scheduling:**

Given that the parties disagree on whether discovery is necessary, the parties at this time are not proposing dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial. Should the Court decide that discovery is necessary, the parties will be prepared to discuss dates at the case management conference scheduled for November 30, 2007.

**18. Trial:**

The parties agree that this case is not likely to go to trial, but should be resolved with either a stipulated injunction or at summary judgment. However, should the case go to trial, the parties anticipate it would last between two and three days. The case will be tried to the Court.

**19. Disclosure of Non-party Interested Entities or Persons:**

Plaintiffs: The Plaintiffs included the required disclosure in the Amended Verified Complaint. There are no non-party interested entities or persons to report.

Defendants: Civil L.R. 3-16 does not apply to government entities.

**20. Scope of a Preliminary Injunction:**

The parties briefly discussed the scope of a preliminary injunction but have not agreed on language for a proposed preliminary injunction. In accordance with the Ninth Circuit's opinion, Defendants believe the injunction must allow Plaintiffs to engage in secular activities that express a religious viewpoint but exclude Plaintiffs' religious worship services.

Plaintiffs believe that the injunction may only prohibit "pure religious worship." A prohibition on worship services in general may include discussions of the Bible and other religious books, teaching, praying, singing, sharing testimonies, sharing meals, and discussing social and political issues—which the Ninth Circuit said are permissible activities that "convey a religious perspective on subjects that are or have been permitted in the Antioch Library meeting room." *See Faith Center*, 480 F.3d at 914. Plaintiffs further believe that the injunction should be limited to self-disclosed "pure religious worship," as government officials are not competent to distinguish between religious worship and other forms of religious speech. *Id.* at 918.

Respectfully submitted this 21st day of November, 2007.

By: s/ Timothy D. Chandler  
Timothy D. Chandler  
Attorney for Plaintiffs

By: s/ Cynthia A. Schwerin  
Cynthia A. Schwerin, Deputy County Counsel  
Attorney for Defendants

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (s/) within this efiled document.

By: s/ Timothy D. Chandler  
Attorney for Plaintiffs