IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH CENTER CHURCH EVANGELISTIC MINISTRIES, et al., <br><br>Plaintiffs, <br><br>v. <br><br>FEDERAL D. GLOVER, et al., <br><br>Defendants. | CASE NO. C-04-3111 JSW <br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

This matter comes before the Court upon consideration of Plaintiffs' motion for summary judgment. Having considered the parties' pleadings, the record in this case, and relevant legal authority, the Court GRANTS Plaintiffs' motion for summary judgment.

**I.     Legal Standard on Summary Judgment**

Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue of fact is "genuine" only of there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" only if it may affect the outcome of the case. *Id.* at 248.

1

## II. First Amendment: Free Speech

Plaintiffs wish to engage in speech within the Library meeting room that is protected by the First Amendment. *See Widmar v. Vincent*, 454 U.S. 263, 269 (1981) (noting that religious worship and discussion "are forms of speech and association protected by the First Amendment") (citations omitted). The government may not excluded from a forum protected speech addressing otherwise permissible subjects simply because of the speech's religious viewpoint. *Good News Club v. Milford Central Schs.*, 533 U.S. 108, 111-12 (2001); *see also Bronx Household of Faith v. Bd. of Educ. of the City of New York*, 331 F.3d 342 (2d Cir. 2003).

In its earlier decision in this case, the Ninth Circuit identified a narrow category of religious speech, which it called "pure religious worship," that does not "convey[] a religious viewpoint on otherwise permissible subject matter." *Faith Center Evangelistic Ministries v. Glover*, 480 F.3d 891, 915 (9th Cir. 2006). Looking at the substance of Plaintiffs' May 29, 2004 event, the record in this case shows that Plaintiffs' meeting, while quintessentially religious, addressed otherwise permissible topics from a religious viewpoint. It was not "pure religious worship," as defined by the Ninth Circuit. As such, this Court finds no principled basis on which to distinguish Plaintiffs' meeting from the meetings in *Good News Club* and *Bronx Household of Faith* that would warrant a different outcome than reached in those cases.

The record in this case also shows that Defendants grant access to the Antioch Library meeting room as a matter of course for a broad array of expression. These are the defining characteristics of a designated public forum. *See Hopper v. City of Pasco*, 241 F.3d 1067, 1075-76 (9th Cir. 2001); *DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ.*, 196 F.3d 958, 965-67 (9th Cir. 1999). Defendants are therefore prohibited from restricting access to the meeting rooms based on content, unless the restriction is narrowly tailored to a compelling interest. *Hopper*, 241 F.3d at 1074.

Defendants' ban on "religious services" cannot satisfy this standard. This Court previously noted in this case that the Supreme Court has "consistently h[eld] that a policy of equal access does not violate the Establishment Clause." *Faith Center Evangelistic Ministries v.*

*Glover*, 2005 WL 1220947, at *6 (N.D. Cal. 2005) (listing cases). Accordingly, Defendants cannot articulate a compelling interest justifying its ban.

### III. First Amendment: Free Exercise

A law that burdens religious exercise is subject to strict scrutiny if it is not neutral and generally applicable. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). "A law is one of neutrality and general applicability if it does not aim to 'infringe upon or restrict practices because of their religious motivation,' and it if does not 'in a selective manner impose burdens only on conduct motivated by religious belief.'" *San Jose Christian Coll. v. Morgan Hill*, 360 F.3d 1024, 1031 (9th Cir. 2004) (quoting *Church of the Lukumi*, 508 U.S. at 533, 543).

Defendants' policy is not neutral or generally applicable. On its face, the policy defines prohibited activity based on its religious nature, while allowing the same activity if it is not religiously-motivated. Imposing unique restrictions on religious groups to access a forum "interferes with or burdens [their] right to speak and practice religion protected by the Free Exercise Clause." *Fairfax Covenant Church v. Fairfax County Sch. Bd.*, 17 F.3d 703, 707 (4th Cir. 1994) (citation omitted).

### IV. First Amendment: Establishment Clause

The Establishment Clause "applies not only to official condonement of a particular religion or religious belief, but also to official disapproval or hostility toward religion." *American Family Assn., Inc. v. City and County of San Francisco*, 277 F.3d 1114, 1120-21 (9th Cir. 2002) (citations omitted). "[E]xclusion of religious groups from a forum otherwise open to all would demonstrate government hostility to religion rather than the neutrality contemplated by the Establishment Clause." *Kreisner v. City of San Diego*, 1 F.3d 775, 785 (9th Cir. 1993) (citation omitted).

Defendants' meeting room policy does exactly what *Kreisner* says is impermissible: specifically target religious activity from exclusion from a forum that is broadly open for community use. Accordingly, the policy violates the Establishment Clause.

## V. Fourteenth Amendment: Equal Protection

The Fourteenth Amendment requires the government to treat alike all people and groups that are similarly-situated. *Serrano v. Francis*, 345 F.3d 1071, 1081 (9th Cir. 2003). Thus, under the Equal Protection Clause, government classifications that "employ[] a suspect class (such as race, religion, or national origin) or burdens the exercise of a constitutional right" are subject to strict scrutiny. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001) (citation omitted).

Plaintiffs fall within the class of speakers permitted to access the Antioch Library meeting room, but Defendants' policy bars their access based solely on the religious character of Plaintiffs' meeting. In doing so, Defendants are burdening Plaintiffs' fundamental right to speak and exercise their religion, and are also discriminating based on religion, a suspect class. Accordingly, the Equal Protection Clause requires Defendants' policy to be subject to strict scrutiny. And, as discussed above, the policy fails this test.

## VI. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for summary judgment on all of their claims.

_____          Date: _____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE