| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| FAITH CENTER CHURCH EVANGELISTIC MINISTRIES, et al.,<br><br>Plaintiffs<br><br>v.<br><br>FEDERAL D. GLOVER, et al.,<br><br>Defendants. | Case No. C 04-3111 JSW<br><br>(PROPOSED) ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION |

This matter is before the Court on Plaintiffs' motion for summary judgment and Defendants' cross-motion for summary judgment and permanent injunction. Having considered the motions, oppositions, replies, record, and applicable law, the Court DENIES Plaintiffs' motion for summary judgment and GRANTS Defendants' cross-motion for summary judgment and permanent injunction on the following grounds:

**1.  Free Speech Claim**

The law of this case was established by the Ninth Circuit in *Faith Center Church Evangelistic Ministries, et al. v. Federal D. Glover, et al.*, 480 F.3d 891 (9th Cir. 2007), *cert. denied*, 128 S.Ct. 143 (2007), and requires entry of judgment in favor of Defendants on Plaintiffs' free speech claim. Undisputed evidence in the record supports the Ninth Circuit's findings that the Antioch library meeting room is a limited public forum and that the afternoon

session of Plaintiffs' May 29, 2004 event in the Antioch library meeting room was a religious worship service. The exclusion of Plaintiffs' religious worship service from the Antioch library meeting room did not violate Plaintiffs' free speech rights.

**2.     Free Exercise Clause**

As a matter of law, Defendants' library meeting room use policy does not violate the Free Exercise Clause. A regulation does not violate the Free Exercise Clause because it affects a religious organization's operation. At most, Plaintiffs were inconvenienced by Defendants' enforcement of the library meeting room use policy against Plaintiffs. Under the rational basis test, Defendants' enforcement of the County library meeting room use policy was reasonable in order to prevent the Antioch library meeting room from being transformed into an occasional house of worship, and to preserve the library's purpose of making itself available to the whole community. *Faith Center*, 480 F.3d at 911. The exclusion of Plaintiffs' religious worship service from the Antioch library meeting room did not violate Plaintiffs' right to free exercise of religion.

**3.     Establishment Clause**

As a matter of law, Defendants' library meeting room use policy does not violate the Establishment Clause. Making a limited public forum available to religious groups, where they may speak about topics from a religious viewpoint, does not violate the Establishment Clause. The County has allowed the Antioch library meeting room to be used by religious and other groups, including Plaintiffs, for activities and events that express a religious viewpoint.

The meeting room use policy is not hostile toward religion and satisfies all three prongs of the test established by the Supreme Court in *Lemon v. Kurtzman*, 403 U.S. 602 (1971). First, Defendants have two compelling secular purposes for excluding religious services from its library meeting rooms: to preserve them as limited public forums, see *Faith Center*, 480 F.3d at 918-19, and to avoid an Establishment Clause violation by providing financial support for religious services. Property taxes support the maintenance of library meeting rooms. Second, a reasonable observer would view the prohibition of religious services from library meeting rooms as Defendants' effort to preserve library meeting rooms as limited public forums and to

preserve the library's primary function as a venue for reading, writing and quiet contemplation. *Faith Center*, 480 F.3d at 910. Third, Defendants' enforcement of its meeting room use policy does not foster excessive entanglement with religion. There is no comprehensive, discriminating, and continuing surveillance of religion by Defendants. Defendants did not excessively entangle itself with religion on May 29, 2004, because Plaintiffs themselves distinguished between religious worship and other forms of religious speech. *Faith Center*, 480 F.3d at 910.

### 4. Equal Protection Clause

As a matter of law, Defendants' library meeting room use policy does not violate the Equal Protection Clause. Under the rational basis test, the policy is rationally related to a legitimate government purpose. Defendants' decision to prohibit Plaintiffs from conducting religious worship services in the library meeting room was reasonable, both to avoid transforming the meeting room into an occasional house of worship and to avoid alienating patrons and undermining the library's purpose of making itself available to the whole community. *Faith Center*, 480 F.3d at 911. The exclusion of Plaintiffs' religious worship service from the Antioch library meeting room did not violate Plaintiffs' right to equal protection under the laws.

Therefore, for the foregoing reasons and for good cause shown, the Court DENIES Plaintiffs' motion for summary judgment, GRANTS Defendants' cross-motion for summary judgment, and PERMANENTLY ENJOINS Plaintiffs as follows:

Pursuant to the holding of the Ninth Circuit Court of Appeals in *Faith Center Church Evangelistic Ministries, et al. v. Federal D. Glover, et al.*, 480 F.3d 891 (2007), Plaintiffs Faith Center Church Evangelistic Ministries and Hattie Hopkins ("Plaintiffs") are enjoined from using the meeting room in the Antioch branch of the Contra Costa County Library system for religious worship services in violation of the "Religious Use" provision of the library meeting room use policy adopted pursuant to Contra Costa County Resolution No. 2004/655, entitled "In the Matter of Adopting a Policy for the Use of Meeting Rooms in Libraries" (hereafter "Library Meeting Room Use Policy").

Upon application to and authorization by the Contra Costa County Library, Plaintiffs may use the meeting room in the Antioch Branch of the Contra Costa County Library system for any use not prohibited by the Library Meeting Room Use Policy, including but not limited to activities that express a religious viewpoint. Defendants may require Plaintiffs to certify that the activity or activities that will be conducted by Plaintiffs in the Antioch Branch library meeting room will not constitute a religious worship service under the tenets, beliefs, and practices of Plaintiffs' church, religious sect, religious organization, or faith group.

SO ORDERED.

Date: _____

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE