[Textscape, LLC v. Google, Inc.](#) [Doc. 110](#)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH CENTER CHURCH EVANGELISTIC MINISTRIES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL D. GLOVER, et al.<br><br>Defendants. | No. C 04-03111 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 9, 2009, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those papers. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties each shall have fifteen (15) minutes to address the following questions:

1. Is Faith Center maintaining its facial challenge to the Amended Policy? If the Court were to conclude that the Library meeting room is a limited public forum, would Faith Center agree that such a finding would resolve that challenge based on the remainder of the Ninth Circuit's opinion? If not, on what basis?

2. Defendants maintain that facts considered in connection with the motion for a preliminary injunction are binding. For example, the Ninth Circuit stated that the Library meeting room is "only available during the Library's operating hours when other library patrons are present." *Faith Center Evangelistic Ministries v. Glover*, 480 F.3d 891, 916 (9th Cir. 2007). However, the current record demonstrates that this is not the case. (Declaration of Timothy D. Chandler, Ex. B (Deposition of Greta Galindo at 18:1-22)), Ex. W (stating that hours of use are "no later than 10:00 p.m.").) In light of the expanded factual record, how do the additional facts developed support the Ninth Circuit's conclusion that the Library meeting room is a limited public forum? What are the Defendants' best authorities in support of their position on this issue?

3. Faith Center previously admitted that the afternoon session of its meeting constituted religious services. *See Faith Center*, 480 F.3d at 918. What is Faith Center's best argument that Dr. Hopkins' more detailed description of this session should lead this Court to a different conclusion?

4. Are there any other issues the parties wish to address?

Dated: January 7, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE